UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES R. HARTE,

                              Plaintiff,

            -against-                                    24-CV-4994 (LTS)

CITY OF NEW ROCHELLE; ORTIZ, AN                          ORDER TO AMEND
OFFICER MARSHAL OF THE CITY OF
NEW ROCHELLE,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

and diversity of citizenship jurisdiction, alleging that Defendants violated his rights. By order

dated July 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff

leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants the City of New Rochelle and Ortiz, "an Officer Marshal of the City of New Rochelle."[1] (ECF 1 at 1.) In October 2023, Defendant Ortiz executed a warrant of eviction at 192 Lyncroft Road in New Rochelle, where Plaintiff had lived with his wife and son. (*Id.*) A moving company was tasked with boxing up the family's possessions – which included "very expensive personal properties, that was antiques, furniture's, TV's, plates, dishes, silver flatware's, fur coats, clothes, jewelry,

---

[1] The Court quotes from the complaint verbatim. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

music instruments, and family heirloom that was in [Plaintiff's] household for" 50 years – and

taking them to Al's Moving Storage. (*Id.*) According to Plaintiff, there "were no labels on the

boxes and packages packed by the moving company," and much of their property was either lost,

"discarded . . . in the garbage," or stolen. (*Id.*)

Plaintiff alleges that Ortiz "breached his fiduciary duty" by failing to supervise the

eviction execution or secure and protect Plaintiff's property. (*Id.* at 2-3.) Plaintiff attaches to the

complaint a notice of claim and a police report that he filed about the incident. (*Id.* at 4-8.)

Plaintiff asserts that Defendants violated his rights to due process. Plaintiff estimates the value of

the missing property to be half a million dollars, and he seeks money damages in that amount.

(*Id.*)

## DISCUSSION

### A.    Federal claims under 42 U.S.C. § 1983

1.    Claims against "Officer Marshal Ortiz"

Plaintiff asserts that Ortiz violated his constitutional rights, and he invokes 42 U.S.C.

§ 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988).

The Court construes the complaint as asserting a claim for a violation of Plaintiff's

procedural due process rights guaranteed by the Fourteenth Amendment. The Due Process

Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property]

without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elect.*, 470 F.3d 458, 464 (2d Cir.

2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process

of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner."

*Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

Determining whether the process provided is adequate requires a weighing of: (1) the private

interest affected; (2) the risk of erroneous deprivation and the probable value of further

safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466

(quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to

procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v.*

*Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in*

*part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood*

*Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section

1983 asserting that a government official has deprived a person of a property interest cannot be

maintained in a federal district court if state law provides an adequate remedy for the deprivation

of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533.

Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be

whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C.*

*Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random

and unauthorized deprivation of a person's property interest will occur, it would be impossible to

provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*,

468 U.S. at 532-33. Accordingly, New York State law provides postdeprivation remedies to

address such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985)

(state tort action available to compensate detainee for alleged loss of property by city jail

officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had

meaningful postdeprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim under Section 1983 that Defendant Ortiz deprived him of his property without due process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Vialez*, 783 F. Supp. at 113.

2.    City of New Rochelle

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government

officials responsible for establishing the municipal policies that caused the particular deprivation

in question; (3) a practice so consistent and widespread that, although not expressly authorized,

constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4)

a failure by policymakers to provide adequate training or supervision to subordinates to such an

extent that it amounts to deliberate indifference to the rights of the those who come into contact

with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77

(S.D.N.Y. 2010) (citations omitted).

As Plaintiff describes a single incident in October 2023, there are no facts in the

complaint suggesting that a municipal policy, custom, or practice led to the violation of

Plaintiff's federally protected rights. The complaint therefore fails to state a claim upon which

relief may be granted against the City of New Rochelle. 28 U.S.C. § 1915(e)(2)(B)(ii)

**B.    State Law Claims**

1.    Diversity of Citizenship Jurisdiction

The complaint may be construed as asserting claims under state law. Plaintiff does not,

however, allege facts demonstrating that the Court has diversity jurisdiction over this action. To

establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the

defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in

excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Plaintiff indicates in the complaint that all parties

reside in New York, precluding complete diversity of citizenship.[2]

---

[2] While the Court takes no position on the merits of any claim Plaintiff may pursue in
state court, the Court notes that Plaintiff may be able to state a claim for conversion under state

2.      Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff has an opportunity to replead his claims in an amended complaint, the Court will decide at a later stage whether to exercise supplemental jurisdiction of any state law claims Plaintiff may seek to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

law. *See Breon v. Perales*, No. 15-CV-6335, 2015 WL 7289399, at *7 (W.D.N.Y Nov. 16, 2015) (holding that a city marshal violated regulations when he packed and labeled cartons of evicted tenant's property, which were lost or damaged by the landlord-retained movers; the court "in no way view[ed] the marshal as having personally converted the plaintiff's property" but "his disregard of the regulations under which he is licensed, which were promulgated so as to provide safety to property of evicted tenants, was a cause of the property having disappeared . . . . [t]hus, he should be held liable for such loss") (quoting *Marcado v. Weinheim*, 108 Misc. 2d 81, 83 436 N.Y.S.2d 973 (Civ. Ct. 1981)).

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to replead his Section 1983 claims in an amended complaint. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-4994 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[3]

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 18, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                Chief United States District Judge

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

_____
_____
_____          _____ Civ. _____ ( _____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                  **COMPLAINT**

                    -against-

_____          Jury Trial:  ☐ Yes     ☐ No
_____                        (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____

| Who else saw what happened? |

_____
_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address      _____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*      _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number      _____

*Rev. 12/2009*                4