USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/29/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES R. HARTE

                            Plaintiff,

-against-

CITY OF NEW ROCHELLE et al.,

                            Defendants.

24 CV 4994 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge,

Pro se Plaintiff James R. Harte ("Plaintiff") commenced this action on June 26, 2024, pursuant to 42 U.S.C. § 1983 against the City of New Rochelle and Officer Marshal Ortiz (collectively, "Defendants"). Presently before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint[1] ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon review, the Court concludes that the FAC fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and that further amendment is required before the merits of the action may be addressed.

Accordingly, Defendants' motion is DENIED without prejudice, and Plaintiff is granted leave to file a Second Amended Complaint ("SAC"), subject to the instructions below.

### LEGAL STANDARD

A complaint initiates a civil action and must contain a "short and plain statement of the claim" sufficient to provide the defendant with fair notice of the plaintiff's allegations. Fed. R. Civ.

---

[1] On December 30, 2024. Plaintiff filed an "Affirmation in Support of Summons and Complaint." (ECF No. 13). On May 12, 2025, Magistrate Judge Andrew E. Krause directed Defendants to treat the Affirmation in Support of Summons and Complaint, ("Amended Complaint") as an Amended Complaint and to respond to it as an operative pleading. (ECF No. 25).

P. 8(a). Rule 8(a) requires that a complaint: (1) state the basis for the court's jurisdiction; (2) set forth facts showing the pleader is entitled to relief; and (3) include a demand for relief. Fed. R. Civ. P. 8(a)(1)–(3).

To satisfy Rule 8(a)(2), a complaint must allege a claim that is both legally and factually sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is legally sufficient if it asserts a cognizable cause of action, and factually sufficient if it includes enough factual matter to state a plausible claim for relief. *See id.* at 664. Although legal conclusions may frame a complaint, they must be supported by factual allegations. *See id.* A complaint that relies solely on conclusory statements or "threadbare recitals of the elements of a cause of action" is insufficient. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating a complaint, the Court separates legal conclusions from factual allegations and determines whether the well-pleaded facts plausibly establish entitlement to relief.

## DISCUSSION

The Court is in receipt of Plaintiff's FAC (ECF No. 13.) Even construing the pleading liberally, the Court finds that it is deficient under Rule 8.

First, Plaintiff appears to have misconstrued the nature of an amended pleading by treating the FAC as a supplement to, rather than a replacement for, the original complaint. An amended complaint must be a single, operative pleading that supersedes all prior complaints. The Court will not piece together allegations from multiple filings to determine whether Plaintiff has stated a plausible claim for relief. Any amended pleading must stand on its own and may not incorporate prior complaints by reference. Second, the FAC fails to clearly set forth factual allegations supporting each claim against each defendant. Rather than providing a cohesive factual narrative tied to specific causes of action, the pleading relies on labels and conclusory assertions, which is

insufficient under Rule 8. Third, the FAC omits a clear demand for relief, as required by Rule 8(a)(3). This omission alone renders the pleading deficient.

Because of these deficiencies, the Court is unable to meaningfully assess the plausibility of Plaintiff's claims or to resolve Defendants' motion on the merits. Plaintiff is therefore afforded one additional opportunity to amend per the following rules:

1. *The Second Amended Complaint Must be "Operative"*

The Second Amended Complaint constitutes an operative pleading. This means that the Second Amended Complaint completely replaces and supersedes the Amend. Compl. as well as the original Complaint filed by Plaintiff. (ECF Nos. 1 & 13.) Upon the filing of the Second Amended Complaint, all preceding complaints are regarded as non-existent.

2. *Distinction from Supplemental Pleadings*

Plaintiff may not file a document that serves as a supplement or addendum to the previous filings. The Court will not review the Amend. Compl. or the original Complaint to ascertain facts, defendants, causes of actions, and relief previously included in an earlier complaint that is not retyped into the Second Amended Complaint. If they are not included, they will be deemed abandoned.

3. *Drafting Requirements*

To adhere to the provisions of Federal Rule of Civil Procedure 8(a), the Second Amended Complaint is required to include a concise and straightforward statement of the claim. This statement must be presented in a single document that consolidates all claims, all defendants, pertinent facts, cause of action, and a demand for relief. The document should be self-explanatory and should not necessitate reference to other previously filed documents.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED without prejudice. *Pro se* Plaintiff is GRANTED leave and ORDERED to file a Second Amended Complaint ("SAC") no later than March 13, 2026, consistent with this Order. Failure to comply with this Order may result in dismissal of the action for failure to state a claim upon which relief may be granted. If Plaintiff timely files a SAC, Defendants shall have until April 10, 2026 to file an answer or respond to the SAC. In the event the Defendants intend to file an appropriate motion in response to the SAC, the parties are to adhere to the following briefing schedule: Defendants are to serve (not file) their motion papers on May 12, 2026;  Plaintiff shall serve (not file) his opposition on June 11, 2026; and Defendants shall serve their reply on June 25, 2026.  The Defendants are directed to file all motion documents, including Plaintiff's, on the reply date. The parties are further directed to mail two (2) physical copies and email one (1) electronic copy to Chambers of all motion documents at the time they are served.

The Clerk of Court is respectfully directed at terminate the motion at ECF No. 28.

Dated: January 29, 2026
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge